

U.S. Department of Justice

CHANNING D. PHILLIPS
Acting United States Attorney

*District of Columbia*

*Judiciary Center
555 Fourth St., N.W.
Washington, D.C.  20530*

May 10, 2021

Ubong Akpan
Assistant Federal Public Defender
625 Indiana Ave. N.W, Suite 550
Washington, D.C.  20004

      Re:    *United States v. Kevin Strong*
               Case No. 21-cr-114-TJK

Dear Counsel:

      This is to memorialize the following initial discovery 6 sent via USAFX on May 10, 2021:

1. Parler Search warrant, application and affidavit, 21sc1145;
2. Facebook Search warrant, application and affidavit, 21sc1144;
3. Apple Search warrant, application and affidavit, 21sc1160;
4. Scoped telephone download, including Telegram app scoped conversations and images along with the extraction reports;
5. The extraction report of scoped telephone download of videos from your client's telephone. The agent is figuring out a way to provide the actual videos to me;
6. There are screen shots of CCTV footage of your client in the Rotunda and in the hallways. **PLEASE NOTE THIS FOOTAGE IS COVERED BY THE PROTECTIVE ORDER AND IS DESIGNATED HIGHLY SENSITIVE.**
7. Serial reports 45 and 45_1A_0037_001;
8. Serial reports 46 and 46_1A_0037_001.

      Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the government anticipates that a large volume of materials may contain information relevant to this prosecution. These materials may include, but are not limited to, surveillance video, statements of similarly situated defendants, forensic searches of electronic devices and social media accounts of similarly situated defendants, and citizen tips.   The government is working to develop a system

that will facilitate access to these materials.  In the meantime, please let me know if there are any categories of information that you believe are particularly relevant to your client.

      The discovery is unencrypted. Please contact me if you have any issues accessing the information, and to confer regarding pretrial discovery as provided in Fed. R. Crim. P. 16.1.

      Additional materials are being provided since the entry of a Protective Order in this case.

      I recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16.  I will provide timely disclosure if any such material comes to light.  Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, I will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

      I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries.  I also request that defendant(s) disclose prior statements of any witnesses defendant(s) intends to call to testify at any hearing or trial.  *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975).  I request that such material be provided on the same basis upon which the government will provide defendant(s) with materials relating to government witnesses.

      Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that defendant(s) provide the government with the appropriate written notice if defendant(s) plans to use one of the defenses referenced in those rules.  Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

      I will forward additional discovery as it becomes available.  If you have any questions, please feel free to contact me.

Sincerely,

/s/ *Mona Lee M. Furst*
Mona Lee M. Furst
Assistant United States Attorney

Enclosure(s)
cc: