

U.S. Department of Justice

CHANNING D. PHILLIPS
Acting United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 8, 2021

Ubong Akpan
Assistant Federal Public Defender
625 Indiana Ave. N.W, Suite 550
Washington, D.C. 20004

    Re:   *United States v. Kevin Strong*
             Case No. 21-cr-114-TJK

Dear Counsel:

This is to memorialize the following initial discovery 7 on May 25, 2021, and initial discovery 8 on June 8, 2021 sent via USAFX:

**Discovery 7**:
1. Four CCTV video footage showing Mr. Strong in the Rotunda, Statuary Hall, and two hallways near H227 and H230. The CCTV is designated HIGHLY SENSITIVE UNDER THE PROTECTION ORDER.
2. Five screen shots taken from CCTV.

**Discovery 8**:
1. Facebook search warrant return, Certificate of Custodian and 302 of Facebook data analysis;
2. Parler search warrant return, email with links from Parler, Parler chats (scoped) and 302 of Parler data analysis;
3. Apple return;
4. Work computer 302 (scoped) and images of Patriot flags from computer
5. Work phone 302 (scoped) and transcript;
6. 302 of Personal phone analysis.

Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the government anticipates that a large volume of materials may contain information relevant to this prosecution. These materials may include, but are not limited to, surveillance video, statements of similarly situated defendants, forensic searches of electronic devices and social media accounts of

similarly situated defendants, and citizen tips.   The government is working to develop a system that will facilitate access to these materials.  In the meantime, please let me know if there are any categories of information that you believe are particularly relevant to your client.

The discovery is unencrypted. Please contact me if you have any issues accessing the information, and to confer regarding pretrial discovery as provided in Fed. R. Crim. P. 16.1.

Additional materials are being provided since the entry of a Protective Order in this case.

I recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16.  I will provide timely disclosure if any such material comes to light.  Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, I will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries.  I also request that defendant(s) disclose prior statements of any witnesses defendant(s) intends to call to testify at any hearing or trial.  *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975).  I request that such material be provided on the same basis upon which the government will provide defendant(s) with materials relating to government witnesses.

Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that defendant(s) provide the government with the appropriate written notice if defendant(s) plans to use one of the defenses referenced in those rules.  Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

I will forward additional discovery as it becomes available.  If you have any questions, please feel free to contact me.

Sincerely,

/s/ *Mona Lee M. Furst*
Mona Lee M. Furst
Assistant United States Attorney


Enclosure(s)
cc: